UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:10-cr-00525-GMN-PAL |
| | ) | |
| FRANK PHILIP GOLDSTEIN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court for consideration is the Report and Recommendation ("R&R") (ECF No. 76) of the Honorable Peggy A. Leen, United States Magistrate Judge, entered May 4, 2012, in which Judge Leen recommended that Defendant Goldstein's Motion for Evidentiary Hearing (ECF No. 57) be denied. Defendant Goldstein filed an Objection on June 7, 2012 (ECF No. 85), to which the Government responded (ECF No. 90).

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2(b), and has determined that Judge Leen's Report and Recommendation will be ACCEPTED. Defendant Goldstein's Motion for Evidentiary Hearing will therefore be DENIED.

**I. LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *Id*. The Court may also receive further evidence or remand to the Magistrate Judge with instructions. *Id*.

## II. DISCUSSION

At calendar call on January 3, 2012, Goldstein informed the Court that he wanted to request an evidentiary hearing to "squash" some evidence he anticipated the Government would present at trial, specifically the statements he made to the police when he was arrested. On January 27, 2012, Goldstein filed his Motion for Evidentiary Hearing, incorrectly stating that his request for an evidentiary hearing "was granted but a date was not provided" at the January 3, 2012 calendar call. (Mot. for Ev. Hearing, ECF No. 57.) The motion was referred to Judge Leen pursuant to 28 U.S.C. § 636(b), and after the motion was fully briefed Judge Leen issued her R&R on May 4, 2012 (ECF No. 76).

In his one-page handwritten motion, Goldstein explained that "[t]he reason [for the request for an evidentiary hearing] is to dis-allow my statement made to the police at trial." (Mot. for Ev. Hearing, ECF No. 57.) He stated that he "was under extreme duress and distress, and not in my right state of mind." (*Id*.) He stated that he "had, within the hour, been shot in the middle lower back – experiencing an in and out bullet wound, and was in an ambulance on the way to the hospital while the statement was made." (*Id*.) Finally, he stated that "[t]here are also many responses that could be mis-understood by a jury without knowing all the facts." (*Id*.) These statements represent the entirety of Goldstein's arguments to support his motion.

"Before a court may introduce statements made by a suspect in custody and under interrogation, '[t]he government has the burden of proving that the defendant has knowingly and voluntarily waived his [rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)].'" *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008) (first alteration in original) (quoting *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984)). This means that even when an evidentiary hearing is denied, and before introducing

Goldstein's statements at trial, the government must still meet its burden to prove that Goldstein's statements were made after he voluntarily and knowingly[1] waived his *Miranda* rights.

As explained in the R&R, in the Ninth Circuit "an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity and specificity to enable the court to conclude that contested issues of material fact exist." (R&R, 3:20-22.) In his motion, Goldstein does not state that he is moving to suppress his statement, and does not specify whether he is challenging his *Miranda* waiver on the basis that it was not knowing, or because it was not voluntary, or both. In its response to Goldstein's motion, the government contended that suppression is not warranted because Goldstein's statement was subsequent to a *Miranda* warning, voluntary, and not the result of coercion by law enforcement. The government did not address whether Goldstein's waiver of his *Miranda* rights was made knowingly.

**A. Voluntariness – Goldstein does not show that contested issues of material fact exist as to whether his statement was voluntary.**

The test for voluntariness is "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir. 2002). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the

---

[1] The Ninth Circuit in *Cox v. Del Papa* explains the difference between (1) "the question of voluntariness (whether the defendant's will was overborne)" which "turns upon external factors" and (2) "the question of cognitive capacity (whether the defendant had the requisite mental state as a factual matter)" which "depends upon mental capacity," and cautions that "[a]lthough courts often merge the two-pronged analysis, the components should not be conflated." 542 F.3d 669, 675 & n.6 (9th Cir. 2008).

meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

In the R&R, Judge Leen correctly found that Defendant Goldstein "has not offered any evidence of physical or psychological coercion or improper inducements by the LVMPD officers who elicited statements from him." (R&R, 6:10-12.)  Without this evidence, Judge Leen correctly found that "Goldstein's personal characteristics – his frame of mind and his physical injury – are constitutionally irrelevant" as to whether his statements were voluntary. (*Id*. at 6:12-13.)  As Judge Leen explained, "Goldstein has not pointed to any coercive conduct by law enforcement which render his statements involuntary and warrant their suppression." (*Id*. at 6:14-15.)

In his Objection, Goldstein presents the Evaluation and the additional allegation that "I felt coerced to make sense of the circumstantive evidence I left behind." (Def.'s Obj. to R&R, 1.)  This additional allegation is not sufficient to raise a "significant disputed factual issue" that would justify an evidentiary hearing.

Goldstein's Objection is also based on the fact that "[t]he Forensic Psychiatric Evaluation approved by Judge Navarro was completed and delivered after [Judge Leen's R&R]." (Def.'s Obj. to R&R, 1.)  Goldstein submits the Evaluation to the Court for the first time as an attachment to his Objection, and "request[s] the court to set up an evidentiary hearing based on this new clarification with my Psych Report." (Def.'s Obj. to R&R, 2.)  Goldstein did not attach this Evaluation to his Motion for Evidentiary Hearing (ECF No. 57).

The entirety of Goldstein's argument in the Objection relies on evidence and allegations that were not previously submitted or available to the Court, and do not challenge the validity of Judge Leen's voluntariness analysis in the R&R.  Accordingly,

the Court finds that there are no grounds on which to reject Judge Leen's findings and recommendations.

**B. Cognitive Capacity – Goldstein does not show that contested issues of material fact exist as to whether his statement was made knowingly.**

Based on the arguments and evidence submitted in Goldstein's Motion for Evidentiary Hearing (ECF NO. 57) and his Reply (ECF No. 69), Goldstein failed to show that contested issues of material fact exist as to whether his statement was made knowingly. Accordingly, the Court finds that there are no grounds on which to reject Judge Leen's findings and recommendations as to this issue.

Regarding Goldstein's newly-produced Psychiatric Evaluation, the Court notes that if Goldstein wishes to move for suppression of his statement based on this new evidence and allegations, he may still do so.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Leen's Report and Recommendation (ECF No. 76) is **ACCEPTED** to the extent that is it not inconsistent with this order. Defendant's Motion for Evidentiary Hearing (ECF No. 57) is therefore **DENIED**.

DATED this 29 day of June, 2012.

_____
Gloria M. Navarro
United States District Judge