UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FRANK PHILLIP GOLDSTEIN,<br><br>                Defendant. | Case No. 2:10-cr-00525-GMN-PAL<br><br>**ORDER**<br><br>(Mot for Subpoena of Guns - Dkt. #91)<br>(Mot for Transcripts of GJ - Dkt. #94)<br>(Mot for *Giglio* Material - Dkt. #98) |

Before the court are Defendant's Motion for Subpoena of Two Guns (Dkt. #91), Motion for Transcripts of Grand Jury Testimony (Dkt. #94) and Motion for *Giglio* Material (Dkt. #98). All deadlines related to these motions were stayed by the district judge pending an attorney appointment hearing. The district judge conducted a hearing on July 19, 2012, and appointed Philip Brown as counsel for Defendant. See Minutes of Proceedings (Dkt. #110). The trial was reset for November 20, 2012. The parties filed a Stipulation (Dkt. #112) to continue to trial date and motions date as a result of the appointment of counsel. The deadline for filing pretrial motions is currently September 14, 2012.

**BACKGROUND**

The grand jury returned an Indictment (Dkt. #1) against Goldstein on October 20, 2010, charging him with car jacking, in violation of 18 U.S.C. § 2119; two counts of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii); and Interference with Commerce by Armed Robbery, in violation of 18 U.S.C. § 1951. The indictment also contains forfeiture allegations. Goldstein made his initial appearance on October 25, 2010, and attorney Michael Sanft was appointed to represent him. See Minutes of Proceedings (Dkt. #7). On May 2, 2011, the district judge appointed new counsel, Dan Albregts, to represent Mr. Goldstein. See Minutes of Proceedings (Dkt. #31). On October 17, 2011, Mr. Albregts moved to withdraw as counsel. At a

hearing on the motion to withdraw on November 8, 2011, Mr. Goldstein indicated he wanted to represent himself. The undersigned conducted a *Farretta* canvas, granted Mr. Albregts request to withdraw, and allowed Goldstein to appear pro se, with Mr. Albregts remaining as standby counsel. See Minutes of Proceedings (Dkt. #47). The district judge conducted a calendar call on July 2, 2012. The government made representations concerning the statutory sentence that could be imposed upon conviction and inquired whether Mr. Goldstein understood the rules and was prepared to proceed with trial without representation. Mr. Goldstein requested appointment of new counsel and new counsel was appointed.

## DISCUSSION

**I.     Motion for Subpoena of Two Guns (Dkt. #91)**.

While he was appearing pro se, Mr. Goldstein requested that the court approve a subpoena served by the U.S. Marshal's Service for the Glock pistol used by Victor Beraga during the incident at Victor's pharmacy on October 5, 2010, which resulted in charges against Mr. Goldstein. The second gun he wishes to have present at trial was used by Victor Beraga's wife, Brenda Ruiz-Beraga, during the incident. Mr. Goldstein believes the government may be in possession of these two weapons, but wants to make sure that they are produced for trial. Mr. Goldstein indicates that he brought this up at a calendar call and the district judge suggested this would not be a problem.

The government did not file a response to the motion. Accordingly, the court will require the government shall show cause why it should not be ordered to produce the two weapons described in the motion at the time of trial. If the government is not in possession of the two guns the government's response shall provide what information it has concerning who has them.

**II.     Motion for Transcripts of the Grand Jury Testimony (Dkt. #94).**

This motion requests a transcript of all of the grand jury testimony of all parties that resulted in the indictment for the purpose of cross-examination and to compare the grand jury testimony to the witness statements and direct examination testimony.

The government filed a Response (Dkt. #97) indicating that the government has provided Mr. Goldstein with all statements required under the Jencks Act, and with all agent and officer reports memorializing witness interviews. The government does not intend to call any witnesses who testified

before the grand jury.  Thus, the government is not required under the Jencks Act and Federal Rules of Criminal Procedure 6(e) and 16 to produce grand jury transcripts.

The Jencks Act, 18 U.S.C. § 3500 allows a defendant to obtain transcripts of a grand jury testimony given by a witness called by the government at trial when the grand jury testimony relates to matters explored on direct examination of the witness.  18 U.S.C. § 3500(b) provides in part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, or the United States to produce any statement (as hereunder defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of with witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Fed. R. Crim. P. 26.2 incorporates the Jencks Act into the Federal Rules of Civil Procedure.  It provides that after a government witness has testified on direct examination, the defendant may discover that witness's pretrial statements if the statements are in the government's possession and relate to the subject matter of the witness's testimony.

Government counsel represents that it does not intend to call any witness who testified before the grand jury at trial.  The court will therefore deny the motion for grand jury transcripts without prejudice to raise the issue at trial if the government changes its position, and calls any witness who testified before the grand jury at trial.

**III.    Motion for *Giglio* Material (Dkt. #98).**

Goldstein requests *Giglio* material including notes, records of interviews, reports and all documents not covered in the government's disclosures to date.  The motion requests that the government state with certainty that there is no Giglio material in their possession or in the possession of the investigative services utilized by the U.S. Attorney's Office. The government did not respond to the motion.

In *Giglio v. United States*, 450 U.S. 150 (1972), the United States Supreme Court held that the government is obligated to disclose information that can be used to impeach government witnesses, especially witnesses whose testimony is important to the government's case.  Impeachment evidence includes an agreement with a government witness for testimony in exchange for monetary compensation or favorable treatment in the criminal justice system.  *Id*. at 154-55.  As the government

3

has not responded to the motion the court will order that the United States honor its duty to disclose under *Giglio*.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendant's Motion for Subpoena of Two Guns (Dkt. #91) is **GRANTED** to the extent that the government shall have until **September 14, 2012**, to show cause why it should not be ordered to produce the two guns referred to in the motion at the time of trial.

2. If the government is not in possession of the two guns described the government shall have until **September 14, 2012** to disclose what information the government has about who has them.

3. Defendant's Motion for Transcripts of Grand Jury Testimony (Dkt. #94) is **DENIED without prejudice**.

4. Defendant's Motion for *Giglio* Material (Dkt. #98) is **GRANTED**.  The government shall have until **September 14, 2012**, in which to produce responsive Giglio material in its care, custody or control, or to inform defense counsel that it has no such material.

Dated this 30th day of August, 2012.

_____
Peggy A. Leen
United States Magistrate Judge