**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 2:10-cr-00525-GMN-PAL |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | (Mtn to Sever - Dkt. #121) |
| FRANK PHILIP GOLDSTEIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Frank Philip Goldstein's Motion to Sever Counts (Dkt. #121) filed September 14, 2012. The court has considered the Motion, the government's Response (Dkt. #126), and Goldstein's Reply (Dkt. #133).

## BACKGROUND

The grand jury returned an Indictment (Dkt. #1) against Goldstein on October 20, 2010, charging him with Carjacking, in violation 18 U.S.C. § 2119; two counts of Use of a Firearm During and in Relation to a Crime of Violence, in violation o f 18 U.S.C. § 924(c)(1)(A)(I) and (ii); and Interference with Commerce by Armed Robbery, in violation of 18 U.S.C. § 1951. The Indictment also contains forfeiture allegations. Specifically, the Indictment alleges that on October 5, 2010, around 1:15 p.m., Goldstein walked up to a driver in the ATM drive-thru lane at a Las Vegas, Nevada, Bank of America, brandished a loaded gun at the driver's chest, and ordered the driver to exit his vehicle, a 1999 General Motors Yukon. Goldstein is alleged to have driven the stolen vehicle to Victory Pharmacy, where he allegedly concealed his firearm and handed a note to the pharmacist demanding certain prescription drugs. The pharmacist saw Goldstein's weapon and pulled out his own firearm. Goldstein allegedly reached for his concealed gun, and the pharmacist took Goldstein's firearm. Goldstein

///

attempted to leave the pharmacy and was chased by the pharmacist, who shot Goldstein in the back. Goldstein is alleged to have fled the pharmacy in the stolen Yukon.

Defendant made his initial appearance on October 25, 2010, and Mr. Michael Sanft was appointed to represent Goldstein. *See* Minutes of Proceedings (Dkt. #7). On May 2, 2011, the district judge appointed new counsel, Mr. Daniel Albregts, to represent Goldstein. *See* Minutes of Proceedings (Dkt. #31). On October 17, 2011, Mr. Albregts moved to withdraw as counsel. *See* Motion to Withdraw (Dkt. #44). The undersigned held a hearing on the Motion to Withdraw on November 8, 2011. Mr. Goldstein indicated he wanted to represent himself. The court conducted a *Faretta* canvas, granted Mr. Albregts' request to withdraw, and allowed Goldstein to appear pro se, with Mr. Albregts remaining as standby counsel. *See* Minutes of Proceedings (Dkt. #47). On July 19, 2012, the district judge held a hearing and appointed attorney Philip Brown as counsel for Goldstein at Goldstein's request. *See* Minutes of Proceeding (Dkt. #110); Order Appointing Counsel (Dkt. #111).

## DISCUSSION

**I.     The Parties' Positions.**

Goldstein seeks an order pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure severing the Interference with Commerce by Robbery count from the Carjacking count. Goldstein asserts that the robbery and carjacking charges stem from "completely separate incidences" which occurred at different times, in difference locations, and in different manners. With respect to the Carjacking charge, Goldstein is alleged to have held a gun at point blank range to a victim's chest at a Bank of America parking lot, demanding the driver give Goldstein the car. Seventeen minutes later, Goldstein is alleged to have wrapped a towel over his shoulder to conceal his gun while attempting to rob Victor Pharmacy of prescription medication. He is also accused of handing over a note to the pharmacist demanding drugs. In light of these differences, Goldstein argues, each charge will require the parties to present different witnesses, and there will be little overlapping evidence. Judicial economy is not served by joining these charges.

Goldstein also contends there is a significant risk the jury will cumulate evidence of the two events and find him guilty whereas, if the charges were separately decided, he would not be convicted. Goldstein asserts that there may be a spill-over effect–specifically, the jury may use the evidence of one

of the alleged crimes to infer a criminal disposition on Goldstein's part which it could use to find guilt on the other charges. Additionally, because the government has charged Goldstein with additional counts of using a firearm in the commission of both the carjacking and the robbery, there is a substantial risk the jury will determine those firearm charges based on the cumulative testimony of all the witnesses instead of on the relevant testimony from the separate witnesses for each event. Finally, Goldstein contends he may be "embarrassed or confounded in his need to possibly present two different defenses." Motion at 6:3-5. Goldstein is charged with both specific and general intent crimes, both of which have different available defenses. Joining the charges in one trial will result in evidence being presented that is applicable only to one charge and will require the jury to disregard it for the other.

In response, the government asserts that all four charges are properly joined pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure because they are of similar character and constitute part of a common scheme or plan. Relying on the Ninth Circuit's opinions in *United States v. Burgess,* 791 F.2d 676, 678 (9th Cir. 1986), and *United States v. Duran,* 4 F.3d 800, 801 (9th Cir. 1993), the government asserts that joinder is the rule rather than the exception, and Goldstein cannot show joinder of the carjacking and robbery counts is so manifestly prejudicial that it outweighs the concern for judicial economy and compels the court to exercise its discretion to sever the charges. The government contends that even if the carjacking and robbery charges were severed and tried separately, evidence of each offense would be admissible at both trials because: (a) the incidents are "inexplicably intertwined" as described by the Ninth Circuit in *United States v. DeGeorge,* 380 F.3d 1203, 1219-20 (9th Cir. 2004), and other cases; and (b) under Rule 404 of the Federal Rules of Evidence as proof of intent, plan, knowledge, and absence of mistake. The government argues that court's jury instructions will ensure the jury segregates evidence for each charge and applies evidence only to the appropriate charge. Finally, the government observes that both the carjacking and robbery charges are specific intent crimes, and therefore, evidence supporting a diminished capacity defense would be admissible for both offenses.

Goldstein replies that the court should sever these offenses for the reasons set out in the Motion, and that he will be prejudiced by the misjoinder of these charges.

///

## II. Applicable Law.

### A. Federal Rule of Criminal Procedure 8(a): Joinder.

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same criminal indictment. Rule 8(a) allows for joinder of multiple offenses against a single defendant if the offenses are: (a) of the same or similar character; (b) based on the same act or transaction; or (c) connected with or constituting parts of a common scheme or plan. Fed.R.Crim.P. 8(a). Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane,* 474 U.S. 438, 449 (1986); *United States v. Jawara,* 474 F.3d 565, 572 (9th Cir. 2006) (citing *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir. 1971)). Misjoinder of charges under Rule 8(a) is a question of law reviewed de novo. *Id.* (citing *United States v. Terry,* 911 F.2d 272, 276 (9th Cir. 1990)).

Generally, a valid basis for joinder must be discernible from the face of the indictment. *See Jawara,* 474 F.3d at 572 (citing *Terry,* 911 F.2d at 276, and *United States v. VonWillie,* 59 F.3d 922, 929 (9th Cir. 1995)). Mere factual similarity between the events is not a sufficient basis for joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994) (interpreting Rule 8(b), which governs joinder of two or more defendants in the same indictment). However, the term "transaction" is interpreted flexibly, and determining whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *Id.* "A logical relationship is typically shown 'by the existence of a common plan, scheme, or conspiracy.'" *Id.* at 844 (internal citations omitted). A logical relationship may also be shown if the common activity constitutes a substantial portion of the proof of the joined charges. *Id.*

### B. Federal Rule of Criminal Procedure 14: Severance.

Rule 14 governs the severance of both defendants and charges. *Vasquez-Velasco,* 15 F.3d at 845. Even where joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure, the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." Fed.R.Crim.P. 14(a). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and

duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro v. United States,* 506 U.S. 534, 538-39 (1993). The court's denial of a motion to sever is reviewed for abuse of discretion. *See Fernandez*, 388 F.3d at 1241. "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,* 449 U.S. 856 (1980)).

The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996); *Vasquez-Velasco,* 15 F.3d at 845. Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be prejudicially confounded in presenting his defenses (i.e., where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987) (citing *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964). Additionally, if there is a risk of prejudice, the Ninth Circuit has found it can be minimized with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g., Zafiro,* 506 U.S. at 540 (citing *Richardson v. Marsh,* 480 U.S. 200, 209 (1987)); *see also Vasquez-Velasco,* 15 F.3d at 847 (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).

### III. Analysis & Conclusion.

The court finds that joinder of the carjacking and robbery charges in the Indictment was proper under Rule 8(a). Both charges arise out of the same series of events that allegedly occurred in direct succession and culminated with Goldstein's arrest on October 5, 2010. In *United States v. Mitchell,* the Ninth Circuit considered a factually-similar situation where a defendant was also charged with robbery and carjacking. 502 F.3d 931, 963 (9th Cir. 2007). In upholding the district court's denial of defendant's motion to sever, the court considered that the carjacking, which occurred on October 28,

2001, provided the get-away car for the robbery on October 31, 2001. *Id.* As a result, the court found the charges were part of a common plan or scheme, and joinder was appropriate. Similarly, here, Goldstein is alleged to have driven the stolen Yukon from the Bank of America to the Victory Pharmacy a short time later and then alleged to have used the Yukon to leave the pharmacy after the alleged robbery. The events here allegedly occurred within about seventeen minutes of one another–much less than the three days that passed between the carjacking and robbery in *Mitchell*. The court finds joinder of these charges in the same Indictment was proper under Rule 8(a) of the Federal Rules of Criminal Procedure.

      Furthermore, Goldstein has not shown he will be manifestly prejudiced by the joinder, and therefore, severance is not warranted under Rule 14 of the Federal Rules of Criminal Procedure. In *Mitchell*, the Ninth Circuit found that because the carjacking and robbery charges were part of a common scheme or plan, evidence of the carjacking charge was legally relevant and therefore admissible as to the robbery charge as well. *Id.* The Ninth Circuit found that any prejudice resulting from joinder was minimized by the trial judge's limiting instructions to the jury. The government's theory of this case is that Goldstein committed the carjacking to obtain a vehicle to rob the pharmacy. Given the temporal proximity between the two crimes charged in this case, evidence of the carjacking charge would likely be admissible on the robbery charge, even if the charges were tried separately. The Ninth Circuit has held that no manifest prejudice exists in these circumstances. *See United States v. Irvine,* 756 F.2d 708, 712 (9th Cir. 1985). Any risk of prejudice that may exist can be alleviated by appropriate limiting instructions to the jury.

      Finally, Goldstein argues he is manifestly prejudiced by the joinder because he will be confounded or embarrassed in presenting separate defenses because carjacking is a specific intent crime, and Hobbs Act robbery is a general intent crime. The government contends both charges are specific intent crimes. The court's own research indicates that the Ninth Circuit has not decided whether a Hobbs Act robbery is a specific or general intent crime. *See, e.g., United States v. Lu,* 174 Fed. Appx. 390, 395 (9th Cir. 2006) (unpublished) (recognizing Circuit split on whether Hobbs Act robbery requires a specific intent to steal); *compare United States v. Thomas*, 8 F.3d 1552, 1562-63 (11th Cir. 1993) ("[t]he Hobbs Act definition of robbery does not seem to require a finding of specific

intent whereas at common law robbery required such a finding") *with United States v. Nedley*, 255 F.2d 350, 355 (3d Cir. 1958) (legislative history of Hobbs Act indicates government must prove specific intent to steal personal property of another by violence or inducing fear and with intent to permanently keep the property taken).

However, the court need not decide this issue because Goldstein has not met his burden of showing prejudice. Specifically, he has not set forth what defenses he would present or how he would be confounded in their presentation. He has not asserted that he would testify in his own defense on one charge but not the other. The Ninth Circuit has held that to obtain severance on the basis of this sort of prejudicial effect, a defendant "must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." *Comer v. Schriro*, 463 F.3d 934, 959 (9th Cir. 2006) (citing *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983) (requiring defendant to "specifically identify the testimony he would offer in his defense so that the trial court can determine if that testimony is important enough to justify severance"). Goldstein has not met his burden of showing prejudice with conclusory allegations of prejudice to unspecified potential defenses.

For all of these reasons,

**IT IS ORDERED** that Goldstein's Motion to Sever Counts (Dkt. #121) is DENIED.

Dated this 22nd day of October, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE