# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>vs.<br><br>Frank Goldstein,<br><br>　　　　Defendant | Case No.: 2:10-cr-00525-JAD-PAL<br><br>**Order Approving Report of Findings and Recommendation [Doc. 137] and Denying Defendant's Motion to Suppress [Doc. 122]** |

　　　　Defendant Goldstein is accused of carjacking a 1999 GMC Yukon and using the stolen vehicle in attempted pharmacy robbery. The parties agree that Goldstein—driving the car he is accused of carjacking—led the police on an approximately fifteen minute chase before colliding with an unoccupied car and a traffic light, becoming disabled. *See* Doc. 122 at 1–2; Doc. 127 at 2–3. After Goldstein was taken into custody and removed from the scene, the vehicle and its contents—including "a blue and black 'Hilton Grand Vacations Club' bag" belonging to Goldstein—were searched, revealing, *inter alia*, a black weapons magazine with seven cartridges. Doc. 122 at 2–3; Doc. 127 at 3. By his motion to suppress, Goldstein challenges the search of the vehicle and his bag, contending that it fails to satisfy the search-incident-to-arrest automobile exception or the inventory-search exception and, thus, the fruits of the search should be suppressed. Doc. 122 at 5. The Magistrate Judge did not reach the question of whether the search satisfied a recognized exception to the warrant requirement because she found that Goldstein failed to clear a

more elementary hurdle in his challenge—demonstrating that he has standing to object to the search of the stolen car and its contents—and she recommended denial of the motion to suppress. Doc. 137 at 5–6. By his objection, Goldstein does not dispute the Magistrate Judge's conclusion that he lacks standing to challenge the search of the car generally; rather, he contends that he still had a reasonable expectation of privacy in the closed bag and that the search of its contents without a warrant was unlawful. Doc. 148.

The court has conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(3), and Local Rule 3-2, determines that the Magistrate Judge's recommendation will be accepted, Doc. 137, and denies Defendant Goldstein's Motion to Suppress, Doc. 122, for the reasons set forth in the Report and Recommendation and those additional reasons set forth herein.

### I.
### Discussion

**A.     Defendant Did Not Demonstrate Standing to Challenge the Search of the Vehicle or its Contents.**

"The Fourth Amendment protects people rather than places, but 'the extent to which the Fourth Amendment protects people may depend upon where those people are.'" *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000) (quoting *Minnesota v. Carter*, 525 U.S. 83, 88 (1998)). "A criminal defendant may invoke the protections of the Fourth Amendment—including the exclusionary rule—'only if he can show that he had a legitimate expectation of privacy in the place searched or the item seized.'" *United States v. Borowy*, 577 F. Supp. 2d 1133, 1136 (D. Nev. 2008) *aff'd*, 595 F.3d 1045 (9th Cir. 2010) (quoting *United States v. Ziegler,* 474 F.3d 1184, 1189 (9th Cir. 2007)). To establish a legitimate expectation of privacy, a criminal defendant "must demonstrate a subjective expectation that his activities would be private, and he must show that his expectation was 'one that society is prepared to recognize as reasonable.'" *Nerber*, 222 F.3d at 599 (quoting *Bond v.*

*United States,* 120 S. Ct. 1462, 1465 (2000)).

"[T]o say that a party lacks [F]ourth [A]mendment standing is to say that *his* reasonable expectation of privacy has not been infringed. It is with this understanding that we use 'standing' as a shorthand term." *United States v. Pulliam*, 405 F.3d 782, 785–86 (9th Cir. 2005) (quoting *United States v. Taketa,* 923 F.2d 665, 669–70 (9th Cir.1991)) (citation omitted) (emphasis in original). "A person who is aggrieved by an illegal search and seizure only through . . . damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Pulliam*, 405 F.3d at 785–86 (quoting *Rakas v. Illinois,* 439 U.S. 128, 134 (1978)). If a defendant lacks standing to challenge a search of a vehicle, the inquiry ends there and the exclusionary rule does not apply. *See U.S. v. Thomas*, 447 F.3d 1191, 1199 n.9 (9th Cir. 2006).

The law generally recognizes that a person has no legitimate expectation of privacy in stolen property or premises. *See, e.g., Rakas v. Illinois*, 439 U.S. 128, 148–49 (1978) (upholding a search where defendants "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized"); *cf. Fisher v. United States*, 425 U.S. 391, 407 (1976) (writing that "fruits and instrumentalities of crime[] may now be searched for and seized under proper circumstances"). As the Ninth Circuit explained in *United States v. Caymen*, "[t]he Fourth Amendment does not protect a defendant from a warrantless search of property that he stole, because regardless of whether he expects to maintain privacy in the contents of the stolen property, such an expectation is not one that 'society is prepared to accept as reasonable." 404 F.3d 1196, 1200 (9th Cir. 2005) (quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979)) (internal quotation marks omitted).

A person driving a stolen vehicle lacks any privacy expectation in the vehicle. The Ninth Circuit reasoned in *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994), when affirming the denial of a motion to suppress, that "petitioner lacked standing to challenge the search. The van was stolen and

3

1   petitioner knew it was stolen.  Only the vehicle's owner or an individual with a legitimate privacy

2   interest in the vehicle may challenge the search."

3          The lack of privacy interest in the vehicle extends to its contents, for if a defendant driver

4   lacks a possessory interest in a car, he lacks standing to object to a search of the vehicle and its

5   contents.  Thus, in *United States v. Thomas*, 447 F.3d at 1198, the Ninth Circuit upheld the district

6   court's denial of the defendant's motion to suppress evidence including "nearly 600 grams of

7   cocaine in what police described as 'a Sprint bag, a small . . . telephone bag,' located next to the

8   spare tire in the vehicle's trunk." *Id*. at 1195 (citations omitted).  Because the defendant failed to

9   establish that he had permission to drive the rental vehicle in which it was found, he "lacked

10  standing to challenge the search." *Id*. at 1199.

11         The court also finds persuasive the reasoning of the Fourth Circuit Court of Appeals in

12  *United States v. Hargrove*, 647 F.2d 411 (4th Cir. 1981), and *United States v. Wellons*, 32 F.3d 115

13  117 (4th Cir. 1994).  In *Hargrove*, the Fourth Circuit considered and rejected the very notion

14  advocated by Goldstein here, that the occupant of a stolen vehicle has an expectation of privacy in

15  the personal effects he brings into a stolen vehicle.  The *Hargrove* court explained:

16      One who can assert no legitimate claim to the car he was driving cannot reasonably
        assert an expectation of privacy in a bag found in that automobile.  Whether a person
17      has an expectation of privacy in a container that is searched is not determined by his
        subjective beliefs.  His expectation must be objectively reasonable**.  A person who**
18      **cannot assert a legitimate claim to a vehicle cannot reasonably expect that the**
        **vehicle is a private repository for his personal effects, whether or not they are**
19      **enclosed in some sort of a container**, such as a paper bag.

20  *Id.* at 412 (citing *Rakas*, 439 U.S. at 151–52 (Powell, J., concurring); *United States v. Smith*, 621

21  F.2d 483, 486–88 (2d Cir. 1980)) (emphasis added).  The Fourth Circuit applied *Hargrove* in

22  *Wellons* to reject the defendant's argument that, "even if he had no reasonable expectation of

23  privacy" in a rental car he was not authorized to drive, "he retained a reasonable expectation of

24  privacy in his luggage which he placed in the car." *Wellons*, 32 F.3d at 119.  *See also United States*

25  *v. White*, 504 Fed. Appx. 168, at *171 (3d Cir. Nov. 15, 2012) (writing that defendant had no

26

legitimate privacy expectation in stolen minivan or its contents, including a closed backpack and locked document box found inside the vehicle that contained evidence relating to theft).

Defendant Goldstein has made no effort to demonstrate that his use of the Yukon, which he is accused of carjacking, was anything but unauthorized. As he lacked any possessory right to that vehicle, he cannot "reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container." *Hargrove*, 647 F.2d at 412. Thus, Goldstein did not have a legitimate expectation of privacy in any of the personal effects he left in the vehicle, and he lacks standing to object to their search and seizure.

Defendant's reliance on *United States v. Davis*, 332 F.3d 1163, 1166 (9th Cir. 2003), for the notion that the owner of a closed container may have a right to privacy in that container even when he lacks a possessory right to the area in which it is stored, *see* Doc. 131 at 2-3; Doc. 148 at 6, is misplaced. *Davis* stands for the proposition that the Fourth Amendment protects a defendant's "expectation of privacy in the contents of his bag, stored under the bed in an apartment where he sleeps and keeps his belongings." *United States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003). Key to *Davis* was the presence of this closed container inside the defendant's occasional dwelling place. *Davis*, 332 F.3d at 1167 ("Davis was more than simply an occasional houseguest . . . ."). It is well-established that even overnight guests have an expectation of privacy in the home where they are staying. *Id.* (citing *Minnesota v. Olson*, 495 U.S. 91, 96–97 (9th Cir. 2000)). *Rakas* rejected the idea that homes and automobiles enjoy the same level of Fourth Amendment protection, explaining,

> It is unnecessary for us to decide here whether the same expectations of privacy are warranted in a car as would be justified in a dwelling place in analogous circumstances. We have on numerous occasions pointed out that cars are not to be treated identically with houses or apartments for Fourth Amendment purposes.

*Rakas*, 439 U.S. at 148 (collecting authorities). Thus, *Davis* is inapposite.

The United States Supreme Court's recent opinion in *United States v. Jones*, 132 S. Ct. 945 (2012), also has no application here. Goldstein represents that *Jones* "specifically stated when the

5

Government intruded upon a person's property to place a tracking device on a vehicle, that constitutes an intrusion on privacy within the meaning of the Fourth Amendment." Doc. 148 at 5–6. *Jones* involved the attachment of a GPS device to a vehicle that the FBI and metropolitan police suspected was being used in trafficking narcotics. *Jones*, 132 S. Ct. at 947. The crux of the decision was the Supreme Court's conclusion that, by attaching the device, "[t]he Government physically occupied private property for the purpose of obtaining information"—and that this physical occupation constituted a search. *Id.* at 949. The issue in the instant case is not whether the government conducted a search, but whether Goldstein had standing to object to it. And the Magistrate Judge correctly concluded that Goldstein did not. As Defendant lacks standing to challenge the warrantless search of the vehicle and its contents, his motion to suppress, Doc. 122, must be denied.

**B.     The Search is a Valid Automobile Search Incident to Arrest.**

Even if Goldstein had a reasonable expectation of privacy in the vehicle or the bag and could, therefore, assert a Fourth Amendment challenge, his motion to suppress should still be denied because the warrantless search was a permissible automobile search incident to arrest. Goldstein contends that the search is not protected by this exception because he "had been removed from the vehicle, handcuffed, placed into an ambulance and driven to the hospital" before the arrest occurred, and because the car was immobilized. Doc. 148 at 6–7. This argument fails because it ignores the second half of the automobile exception.

As the United States Supreme Court explained in *Arizona v. Gant*, 129 S. Ct. 1710, 1713 (2009)—although *New York v. Belton*, 453 U.S. 454 (1981), "does not authorize a vehicle search incident to an occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle"—the exception allows a later search when it is reasonable to believe that the vehicle contains evidence of the offense of arrest. The high court reasoned, "circumstances unique to the vehicle context [also] justify a search incident to arrest when it is 'reasonable to believe evidence

relevant to the crime of arrest might be found in the vehicle.'" *Gant*, 129 S. Ct. at 1719 (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004)).  In *Davis v. United States*, the Court acknowledged that *Gant* established "a new, two-part rule under which an automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, *or* (2) if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest.'" *Davis v. United States*, 131 S. Ct. 2419, 2425 (2011) (emphasis added) (quoting *Gant*, 129 S. Ct. at 1719).  Thus, the exception does not apply only when the arrestee is within reaching distance of the vehicle; it authorizes a search after the arrestee is removed from the arrest scene if it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id*. (quoting *Thornton*, 541 U.S. at 632).  When that occurs, "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle **and any containers therein**." *Id*. (emphasis added); *cf. United States v. Ross*, 456 U.S. 798 (1982) ("an individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband."); *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 306 (1967) (police may "seize evidence simply for the purpose of proving crime.").

Although Goldstein was not in reaching distance of the vehicle at the time of the search, this fact is not dispositive because the offense of his arrest "suppl[ied] a basis for searching the passenger compartment" of the vehicle "and any containers therein." *Gant*, 129 S. Ct. at 1719.  Goldstein was arrested after a reported robbery attempt and after leading police on a high speed chase.  *See* Doc. 122 at 1–2 (wherein the defense recites that "Mr. Goldstein was shot by a pharmacy employee while attempting to flee without having stolen anything, with the bullet from the shot entering his back and exiting his thigh.  After Mr. Goldstein fled, police were called to investigate and a chase of Mr. Goldstein in the car he is accused of carjacking ensued, lasting fifteen minutes.").  Under these circumstances, it would be reasonable to believe that the vehicle contained evidence of the robbery

attempt. Accordingly, the search of the vehicle was a permissible automobile search incident to arrest as contemplated by the second half of the *Gant* rule, and Goldstein's motion to suppress should be denied on this independent basis also.

## II.
## Conclusion

Accordingly, for the reasons set forth herein and for good cause shown,

**IT IS HEREBY ORDERED** that Magistrate Judge Leen's Report and Recommendation **[Doc. 137] is ACCEPTED** to the extent that it is not inconsistent with this order; and

**IT IS FURTHER ORDERED** that Defendants' Motion to Suppress Physical Evidence Obtained in Violation of the Fourth Amendment **[Doc. 122] is DENIED**.

Dated September 25, 2013.

_____
Jennifer A. Dorsey
United States District Judge