# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Frank Goldstein,<br><br>　　　　Defendant. | Case No.: 2:10-cr-00525-JAD-PAL<br><br>**Order Affirming Magistrate Judge's Order Denying Defendant's Motion to Sever Counts [Doc. 136] and Overruling Defendant's Objections Thereto [Doc. 139]** |

　　　　This case arises out of Defendant Frank Goldstein's alleged armed carjacking and robbery spree on October 5, 2010. Doc. 1 at 1–3. Goldstein moved to sever the trial of the carjacking-related counts from the robbery-related counts, arguing that the charges stem from "completely separate incidences" at different times, in different locations, and in different manners. Doc. 121. Magistrate Judge Peggy A. Leen denied the motion. Doc. 136; 28 U.S.C. § 636(b)(1)(A). She found that the charges were properly joined under Rule 8(a) because they "arise out of the same series of events that allegedly occurred in direct succession and culminated with Goldstein's arrest on October 5, 2010." *Id*. at 5. The alleged carjacking provided the getaway car for the alleged robbery approximately 17 minutes later, "the temporal proximity between the two crimes charged" makes it likely that the carjacking evidence would be admissible on the robbery charge, and Goldstein did not demonstrate that he would be manifestly prejudiced by the joinder. *Id*. at 6.

　　　　Goldstein filed an objection to Judge Leen's order denying severance. Doc. 139; Fed. R. Crim. P. 59(a). The objection is a nearly verbatim reiteration of the original motion to sever, *compare* Doc. 139 *with* Doc. 121, substantively adding only the argument that "the magistrate judge was clearly erroneous when she found that Mr. Goldstein did not meet his burden of showing

prejudice." Doc. 139 at 5. Goldstein contends that "[t]he prejudice of joinder on the facts presented is plain," and disputes the Magistrate Judge's focus on "the temporal relationship of the substantive offenses" because the real issue is the differences in the firearm use in the two crimes. *Id*. at 5–6. In response to this objection, the Government responds simply that Judge Leen's findings are not clearly erroneous or contrary to law and requests that the Court adopt them. Doc. 149.

Having reviewed the underlying briefing, Judge Leen's Order, Goldstein's objections, and the Government's response for clear error or a conclusion contrary to law, s*ee* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citations omitted); *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (citations omitted), the Court affirms Judge Leen's order and overrules Goldstein's objections for the reasons set forth below.

**Discussion**

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses when they are "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2006) (citations omitted). The similarities must be discernable from the indictment's face, and in general, courts do not note matters outside the indictment. *Id.* (citations omitted). Further, the rule is "broadly construed in favor of initial joinder" because Rule 14 is available to address prejudice that may arise during trial. *Id.* (quoting *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971) (citations omitted). Rule 14(a) allows a court to sever properly joined counts for trial where joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Courts alternatively may mitigate the risk of prejudice with limiting instructions, which jurors are presumed to follow. *See Zafiro v. United States*, 506 U.S. 534, 541 (1993) (applying Rule 14 where multiple defendants unsuccessfully argued for severance of their trial under Rule 8(b)). In the Ninth Circuit, severance is required when "a joint trial is so prejudicial that the trial judge could exercise his discretion in only one way." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (citing *United States v. Mills*, 597 F.2d 693, 696 (9th Cir. 1979); *United States v. Adams*, 581 F.2d 193, 198 (9th Cir. 1978)).

1    Judge Leen applied the correct law in denying Goldstein's severance motion, and her
2 conclusions were not clearly erroneous.  Judge Leen recognized the factual similarities between the
3 instant case and *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007).  In *Mitchell*, the carjacked
4 vehicle provided a getaway vehicle, which is the government's theory of the instant case.  *See id.* at
5 963.  Just as in *Mitchell*, Goldstein's alleged crimes occurred as a series of events, with one
6 occurring just 17 minutes after the other, reflecting a common scheme or plan justifying joinder
7 under Rule 8(a).  Even if the counts were severed, evidence of each crime would likely be
8 admissible in the trial of the other due to the temporal proximity of these crimes and Goldstein's
9 alleged use of the carjacked vehicle as the purported getaway car for the pharmacy robbery.  Thus,
10 severance would waste judicial resources by duplicating efforts while likely providing no real
11 benefit to the Defendant.  Therefore, keeping the counts joined for trial will not result in actual
12 prejudice to Goldstein.  *Mitchell*, 502 F.3d at 964; *see also United States v. Irvine*, 756 F.2d 708,
13 712 (9th Cir. 1985).

14   The Magistrate Judge's ruling also recognized the burden in seeking severance and that
15 Defendant failed to carry that burden.  Doc. 136 at 5–7.  A defendant must "show that he has
16 important testimony to give on some counts and a strong need to refrain from testifying on those he
17 wants severed."  *Comer v. Schriro*, 463 F.3d 934, 959 (9th Cir. 2006) (quoting *United States v.*
18 *Nolan*, 700 F.2d 479, 483 (9th Cir.1983).  Goldstein has not made this showing in either his motion
19 or his objections.  As the Magistrate Judge astutely noted, Goldstein has not even suggested that he
20 will present different or conflicting defenses to one count as opposed to the other, and he has not
21 asserted that he would testify in his own defense on one charge but not the other.  Doc. 136 at 7.
22 Instead, Goldstein's arguments are based entirely on his belief that the offenses with which he has
23 been charged were entirely separate, but his distinctions lack a material difference, as the Magistrate
24 Judge held and *Mitchell* supports.

25   . . .
26   . . .
27   . . .
28

Accordingly, and for all these reasons,

IT IS HEREBY ORDERED that Defendant's Objections to the Order Denying his Motion to Sever Counts **[Doc. 139] are Overruled**;

IT IS FURTHER ORDERED that Magistrate Judge Leen's Order denying Defendant's Motion to Sever Counts **[Doc. 136] is Adopted and Affirmed.**

DATED February 12, 2014

_____
Jennifer A. Dorsey
United States District Judge

4