|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| The United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Frank Goldstein,<br><br>    Defendant | 2:10-cr-525-JAD-PAL<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF Nos. 214, 215] |

Federal inmate Frank Goldstein was convicted of carjacking, interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951, and violating 18 U.S.C.§ 924(c)(1)(A)(i), which imposes a mandatory minimum five-year sentence enhancement for carrying, using, or possessing a firearm during a crime of violence. Goldstein received 36-month, concurrent sentences for the carjacking and robbery, plus an additional five years for the firearm count. Goldstein contends that intervening law, particularly *Johnson v. United States*[1]—in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act's crime-of-violence sentencing enhancement as unconstitutional— renders his § 924(c) conviction and sentence similarly invalid. Because the offense that triggered Goldstein's § 924(c) enhancement was Hobbs Act robbery, which qualifies as a crime of violence under 924(c)'s force clause regardless of the continued viability of its residual clause after *Johnson*, I deny his motion.

**Background**

Frank Goldstein was indicted after he carjacked a vehicle from a Bank of America drive-through ATM and attempted to rob a pharmacy at gunpoint. The robbery was thwarted after Goldstein was shot during a skirmish with the pharmacist. His crime spree ended abruptly when he crashed the stolen vehicle during a high-speed chase by police. The four-count indictment charged Goldstein with one count of carjacking, one count of interference with commerce by robbery under

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

the Hobbs Act ("Hobbs Act robbery"), and two counts of carrying a firearm during a crime of violence—one specifically related to each of the predicate offenses.[2] Goldstein pled to the carjacking, the robbery, and to carrying a firearm "during and in relation to the" Hobbs Act robbery.[3] I accepted his guilty plea and sentenced him to 36 months per count concurrent on the carjacking and robbery, plus the mandatory minimum five-year sentence required by § 924(c)(1)(A)(i) for the firearm charge, for a total sentence of 96 months.[4]

The Hobbs Act—which was the predicate offense for Goldstein's firearm conviction—"prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'"[5] Title 18 U.S.C. § 924(c) separately criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. An offense may qualify as a "crime of violence under Section 924(c) under either of two clauses. Section 924(c)(3)**(A)**, also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)**(B)**, known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of

---

[2] ECF No. 1 (indictment).

[3] ECF No. 202 (plea agreement).

[4] ECF No. 212 (judgment).

[5] *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)).

physical injury to another.'"[6] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[7] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[8] In *Welch v. United States*, the Court held that *Johnson* is a substantive decision that is retroactive on collateral review.[9]

Goldstein moves to vacate his sentence under 28 U.S.C. § 2255, arguing that *Johnson* renders his five-year, crime-of-violence sentence enhancement under § 924(c) unconstitutional.[10] Even if I were to conclude that 924(c)'s residual clause is unconstitutional under *Johnson*, Goldstein's motion fails because his Hobbs Act robbery conviction qualifies as a crime of violence under section 924(c)'s force clause.

## Discussion

**A.     Hobbs Act robbery is a crime of violence.**

Goldstein argues that Hobbs Act robbery can be committed by merely instilling "fear" in a victim, so the offense cannot qualify as a crime of violence under § 924(c)'s force clause.[11] But the Ninth Circuit confirmed as recently as last year that Hobbs Act robbery qualifies as a crime of violence under section 924(c)'s force clause.[12] In *U.S. v. Howard*, the court explained in an

---

[6] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[7] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[8] *Id*. at 2558.

[9] *Welch v. United States*, 136 S. Ct. 1257 (2016).

[10] ECF No. 215.

[11] *Id.*

[12] *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (unpublished), *as amended* June 24, 2016 (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *United*

unpublished decision that there is no way to commit Hobbs Act robbery without putting the victim in fear of *bodily* harm—and that this sort of fear qualifies as actual or threatened physical force under § 924(c).[13] I, too, recently explained at length why a conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c): by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[14] Goldstein has not persuaded me otherwise. And the Ninth Circuit and I are not outliers in this viewpoint. District courts and other circuit courts—both before and after *Johnson*—overwhelmingly agree that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause.[15]

I thus deny Goldstein's § 2255 motion.[16] His conviction for Hobbs Act robbery qualified—and still qualifies—as a crime of violence under the force clause, so Goldstein was properly convicted and sentenced.

---

*States v. Selfa*, 918 F.2d 749 (9th Cir. 1990)).

[13] *Id.* at 1–2.

[14] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016) (discussion incorporated herein).

[15] *See, e.g.*, *U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill,* 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur,* 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144– 55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *see also United States v. Evans,* __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

[16] The parties also dispute whether Goldstein is procedurally barred from bringing this § 2255 motion and whether *Johnson* should be extended to § 924(c)'s residual clause. I need not—and do not—reach these questions because Goldstein's motion fails even if I assume that his challenge is proper and *Johnson* invalidates § 924(c)'s residual clause.

**B.     Certificate of Appealability**

To appeal this order, Goldstein needs a certificate of appealability from a circuit or district judge.[17] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[18] This standard is "lenient."[19]

Although I have endeavored to be true to the Ninth Circuit guidance in this order, the truth is, when applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists rarely agree on anything.[20] Although I follow the Ninth Circuit's lead in holding that federal bank robbery qualifies as a crime of violence, other courts have held otherwise. I thus grant Goldstein a certificate of appealability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motions to vacate **[ECF Nos. 214, 215] are DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

Dated this 17th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[17] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[18] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[19] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[20] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").